FILED

MAY 07 2026

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **EXPORT DEVELOPMENT CANADA**, a Canadian Crown corporation, 150 Slater Street, Ottawa, Ontario K1A 1K3, <br><br> *Plaintiff,* <br><br> v. <br><br> **METEOR SEALING SYSTEMS LLC**, an Ohio limited liability company, 400 S. Tuscarawas Ave, Dover, Ohio 44622, <br><br> *Defendant.* | Case No. **5 :26 CV 0 1 0 6 6** <br><br> **COMPLAINT** <br><br> **JUDGE POLSTER** <br><br> **MAG. JUDGE GREENBERG** |

Plaintiff Export Development Canada ("EDC"), for its complaint against defendant Meteor Sealing Systems LLC ("Meteor"), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

### Nature of the Action

1.      This is a simple commercial collection action brought by plaintiff EDC as the insurer and assignee of nonparty LWB/STG Carrier LP. ("LWB/STG").

### Parties

2.      EDC is a non-profit Canadian Crown corporation established by the Canadian Export Development Act of 1985.

3.      Meteor is an Ohio limited liability company.

4.      Nonparty LWB/STG is a Canadian corporation headquartered in Canada.

### Jurisdiction and Venue

5.      The Court has jurisdiction of this action under 28 U.S.C. § 1331 because EDC's claims arise under a self-executing treaty of the United States.

6.      Jurisdiction over Meteor is proper because its principal place of business is in Ohio and it is an Ohio limited liability company.

1

7. Venue is proper under 28 U.S.C. § 1391(b) because Meteor resides in this District and a substantial part of the events giving rise to the action occurred here.

<b><u>Factual Allegations</u></b>

8. EDC provides insurance against nonpayment (known as "credit insurance") to Canadian exporters selling goods in the U.S.

9. EDC's insured, nonparty LWB/STG, is a developer and manufacturer of parts for the automotive industry.

10. Meteor is a developer and producer of automotive sealing systems.

11. Between September and November 2025, LWB/STG delivered metal automotive parts (the "Goods") to Meteor at a price of USD $537,148.26.

12. Between September and November 2025, LWB/STG issued eighteen (18) invoices to Meteor for the price of the Goods (the "Invoices").

13. An authentic copy of the Invoices is attached as Exhibit 1.

14. Meteor ordered the Goods identified in the Invoices.

15. The Goods identified in the Invoices were delivered at the location(s) Meteor requested.

16. Meteor accepted delivery of the Goods identified in the Invoices.

17. Meteor did not pay the price of the Invoices.

18. Meteor received the Invoices at or around the time of the invoice dates.

19. There were no defects or nonconformities in the Goods identified in the Invoices.

20. Meteor has no documents showing there were any defects or nonconformities in any items listed on the Invoices (such as photos, inspection reports, or emails/text messages sent before this case was filed).

21. Meteor did not notify LWB/STG in writing of any defects or nonconformities in any of the Goods identified in the Invoices before this case was filed.

22. Meteor did not notify LWB/STG verbally of any defects or nonconformities in

2

any of the Goods identified in the Invoices before this case was filed.

23. Meteor has no documents showing it notified LWB/STG of any defects or nonconformities in any of the Goods identified in the Invoices before this case was filed.

24. The Goods identified in the Invoices are not capable of being returned to LWB/STG in substantially the same condition as they were in when they were delivered.

25. Meteor had an opportunity to inspect the Goods identified in the Invoices when they were delivered.

26. Meteor did not notify LWB/STG in writing that it was rejecting any of the Goods identified in the Invoices before this case was filed.

27. Meteor did not notify LWB/STG verbally that it was rejecting any of the Goods identified in the Invoices before this case was filed.

28. Meteor has no documents showing it notified LWB/STG it was rejecting any of the Goods identified in the Invoices before this case was filed.

29. Meteor did not object in writing to any of the terms of the Invoices before this case was filed.

30. Meteor did not object verbally to any of the terms of the Invoices before this case was filed.

31. Meteor never notified LWB/STG in writing that it had breached any express or implied warranty with respect to any of the Goods identified in the Invoices before this case was filed.

32. Meteor never notified LWB/STG verbally that it had breached any express or implied warranty with respect to any of the Goods identified in the Invoices before this case was filed.

33. Meteor has no documents (such as emails or letters) showing it notified LWB/STG that it had breached any express or implied warranty with respect to any of the Goods identified in the Invoices before this case was filed.

34.     Meteor never made any efforts to return any of the Goods identified in the Invoices to LWB/STG.

35.     Meteor has no documents showing it made any efforts to return any of the Goods identified in the Invoices to LWB/STG.

36.     Meteor acknowledged liability for the Invoices before this case was filed.

37.     Meteor has no documents showing it gave LWB/STG notice of any problems with, or objections to, its performance of any of its obligations with respect to the Invoices before this case was filed.

38.     Pursuant to LWB/STG's Invoices, payment of $537,148.26 for the Goods was due between November 2025 and January 2026.

39.     Meteor has not paid any of the amounts indicated as being outstanding on the Invoices.

40.     LWB/STG assigned its rights against Meteor relating to the Invoices to EDC.

41.     All conditions precedent to the filing of this action have occurred or been performed.

42.     Meteor is liable to EDC for the amount of the Invoices in an amount to be determined at trial but in no event less than $537,148.26 in principal, plus interest at the rate of 8% per annum under Ohio Rev. Code § 5703.47(B).

## Count 1 – Breach of Contract

43.     EDC repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth in this Count.

44.     Between September and November 2025, LWB/STG delivered the Goods to Meteor.

45.     Meteor breached its contractual obligations to LWB/STG by taking delivery of the Goods identified in the Invoices but failing to pay the price of the Invoices.

46.     LWB/STG performed all its contractual obligations to Meteor.

47. EDC is entitled to recover from Meteor damages in an amount to be determined at trial but in no event less than $537,148.26 in principal, plus interest at the rate of 8% per annum under Ohio Rev. Code § 5703.47(B).

**Count 2 – Action for the Price**

48. EDC repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth in this Count.

49. Meteor ordered the Goods identified in the Invoices.

50. The Goods were delivered at the location(s) Meteor requested.

51. Meteor did not reject any of the Goods identified in the Invoices.

52. Meteor did not revoke its acceptance of any of the Goods identified in the Invoices.

53. Meteor did not pay the price of the Invoices.

54. EDC is entitled to recover from Meteor damages in an amount to be determined at trial but in no event less than $537,148.26 in principal, plus interest on at the rate of 8% per annum under Ohio Rev. Code § 5703.47(B).

**Prayer for Relief**

Plaintiff prays for a judgment against Defendant as follows:

A. For damages in an amount to be determined at trial but in no event less than $537,148.26 in principal, plus interest of 8% per annum;

B. For EDC's attorneys' fees and costs incurred; and

C. For such other and further relief as the Court deems just and equitable.

*[signature page follows]*

Dated: May 5, 2026

OF COUNSEL:
BLAKELEY LC

Respectfully submitted,

*/s/ David M. Mannion*

David M. Mannion* (CA Bar No. 288627)
DMannion@BlakeleyLC.com
530 Technology Drive, Suite 100
Irvine, CA 92618
Tel. (949) 260-0611

*Attorneys for Plaintiff Export Development Canada*

*\*Pro hac vice application pending*

6